Matter of AJG Parkview Corp. v Calabrese (2020 NY Slip Op 06118)





Matter of AJG Parkview Corp. v Calabrese


2020 NY Slip Op 06118


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-03901
 (Index No. 605226/15)

[*1]In the Matter of AJG Parkview Corp., etc., appellant,
v
James Calabrese, etc., et al., respondents-respondents, et al., respondents.


Devitt Spellman Barrett, LLP, Smithtown, NY (Scott J. Kreppein of counsel), for appellant.
Kushnick Pallaci LLC (Robert Hiltzik, Jericho, NY, of counsel), for respondents-respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of Parkview at Salisbury, LLC, the petitioner appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered April 13, 2017. The order, insofar as appealed from, upon granting the motion of the court-appointed receiver, inter alia, to confirm the receiver's final accounting, deducted the sum of $168,593.75 from the amount available for distribution to the two members of Parkview at Salisbury, LLC, and directed that the net amount for distribution of $5,302,405.75 be distributed $2,276,902.87 to the petitioner and $3,025,502.87 to the respondent James Calabrese.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing that the net amount for distribution of $5,302,405.75 be distributed $2,276,902.87 to the petitioner and $3,025,502.87 to the respondent James Calabrese, and substituting therefor a provision directing that, subject only to the final determination of the respective causes of action of the petitioner and the respondent James Calabrese alleging breach of contract in actions entitled Calabrese v AJG Parkview Corp., and AJG Parkview Corp. v Parkview at Salisbury, LLC, pending in the Supreme Court, Nassau County, under Index No. 602920/15 and Index No. 603044/15, respectively, and any assessment of damages arising therefrom, the net amount for distribution of $5,302,405.75 shall be distributed in accordance with the provisions of sections 7.2(d) and 7.3(d) of the operating agreement dated July 18, 2013, as amended May 21, 2014; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The principal issue in this appeal concerns the distribution of more than five million dollars in funds between the two members of Parkview at Salisbury, LLC (hereinafter the LLC), a company formed for the purpose of developing an age-restricted, residential condominium project in Westbury consisting of three buildings, or Phases (hereinafter the project). The sponsor member, the respondent James Calabrese, contributed the undeveloped land, which he had purchased with a down payment of $500,000 and a mortgage debt of approximately $1.267 million. The investor member, the petitioner, AJG Parkview Corp. (hereinafter AJG), initially contributed $1.5 million [*2]in cash, most of which was used to pay off the existing mortgage.
According to the members' business plan, as well as the LLC's operating agreement, Calabrese was in charge of construction, day-to-day management of the project, and sales of the condominium units, while AJG was to procure a construction loan in the amount of $1.5 million, which would be used to complete Phase 1. The members further agreed that the project would be built in three separate phases, "with Phase 1 to be completed before commencement of Phase 2, and Phase 2 to be completed before commencement of Phase 3." Specifically, the business plan called for part of the proceeds from the sale of units in Phases 1 and 2—i.e., $110,000 per unit—to be used to repay the construction loan in full, and the first $1.5 million in excess proceeds from the sale of units in Phase 1 to be retained by the LLC as reserves for the construction of Phase 2.
The business plan and the operating agreement further contemplated that AJG would receive a "First Preferred Return" equal to 83.333% of its capital contribution, as well as a "Second Preferred Return" equal to 12% per annum, compounded monthly, of its capital contribution and beginning to accrue on the first anniversary of the date of the capital contribution. In addition, the operating agreement's distribution waterfall called for AJG to receive both of its preferred returns, as well as the return of all of its capital contributions, before Calabrese received any distribution. The stated goal was to have AJG exit the project upon the sale of the units in Phases 1 and 2, leaving Calabrese to fund, complete, sell, and profit from the completion of Phase 3.
It is undisputed that Calabrese began construction of Phase 2 before the completion of Phase 1, and the project soon ran out of money. In May 2014, AJG agreed to fund additional capital contributions up to a maximum of $1.5 million, which would be subject to the terms of the operating agreement. In the end, it is undisputed that AJG contributed an additional $1.152 million in funding, for total capital contributions of $2.652 million.
In early 2015, as the project was nearing completion, AJG distributed a total of $748,600 to itself, over Calabrese's objection, purportedly as part of its First Preferred Return. Shortly thereafter, Calabrese deposited closing proceeds in the amount of $373,450 into a newly opened bank account over which AJG had no control.
Calabrese then commenced an action against AJG in the Supreme Court, Nassau County, under Index No. 602920/15 (hereinafter the first action), alleging, inter alia, breach of contract and breach of fiduciary duty. AJG asserted counterclaims against Calabrese and later commenced a separate action against Calabrese and others in the same court under Index No. 603044/15 (hereinafter the second action), also alleging, inter alia, breach of contract and breach of fiduciary duty. AJG also commenced this proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of the LLC and the appointment of a receiver.
Following the completion of the court-appointed receiver's final accounting, the receiver moved, inter alia, to confirm the final accounting and distribute the available funds. Insofar as relevant to this appeal, in response to the receiver's motion, Calabrese and the respondents Calabrese Bros. Development Corp., Breeze Bros. Aluminum & Vinyl Siding Co., Inc., and Calabrese Brothers Construction Co. (hereinafter collectively the Calabrese respondents) argued for an interpretation of the operating agreement that would, in effect, do away with AJG's preferred returns altogether and direct that the available funds be distributed equally between Calabrese and AJG. AJG opposed the Calabrese respondents' interpretation of the operating agreement and cross-moved to stay the distribution of funds pending final resolution of the actions.
In an order entered April 13, 2017, the Supreme Court, inter alia, granted the receiver's motion and, thereupon, in effect, endorsed the Calabrese respondents' interpretation of the operating agreement and directed, in relevant part, that all distributable funds be equally split between Calabrese and AJG, taking into account the fact that AJG had previously received a distribution of $748,600. AJG appeals.
As a threshold matter, AJG does not dispute that it previously received a distribution [*3]of $748,600, so AJG's share of distributable funds must take that prior distribution into account. However, the Supreme Court's further determination that the distributable funds must be split equally between AJG and Calabrese is fundamentally inconsistent with the provisions of the operating agreement and, therefore, cannot stand.
"Under New York law, written agreements are construed in accordance with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing" (Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [internal quotation marks omitted]; see Innophos, Inc. v Rhodia, S.A., 10 NY3d 25, 29). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569).
Here, section 7.2(d) of the operating agreement, which sets out the distribution waterfall as between the two members of the LLC, unambiguously provides that AJG is to receive its First Preferred Return (section 7.2[d][i]), its Second Preferred Return (section 7.2[d][ii]), as well as the return of all of its capital contributions (section 7.2[d][iii]), before the distribution of any funds to Calabrese, who is then entitled to 100% of whatever is left (section 7.2[d][iv]). The Supreme Court's interpretation of the operating agreement not only fails to give effect to the clearly expressed intent of the parties, it rewrites section 7.2(d) entirely. Among other things, the court's interpretation of the First Preferred Return as a preferential return "of" 83.333% of AJG's capital contribution, rather than an 83.333% preferred return "on" AJG's capital contribution, would render subparagraph (d)(i) meaningless, as subparagraph (d)(iii) already provides for the preferential return of 100% "of" AJG's capital contribution.
AJG's remaining contention is without merit.
Accordingly, the order appealed from should be modified to make clear that the $5,302,405.75 available for distribution shall be distributed between AJG and Calabrese in accordance with the provisions of sections 7.2(d) and 7.3(d) of the operating agreement. However, in light of our determination of the related appeals and cross appeal in the first and second actions (see Calabrese v AJG Parkview Corp., ___ AD3d ___ [decided herewith]), the final distribution shall remain subject to the resolution of AJG's and Calabrese's respective causes of action alleging breach of contract in those actions and any assessment of damages arising therefrom.
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court